UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN,<br><br>             Plaintiff,<br><br>     v.<br><br>BLACK, et al.,<br><br>             Defendant. | No.  2:23-cv-02917-TLN-SCR P<br><br>ORDER |

Plaintiff, proceeding without counsel while confined at Pelican Bay State Prison, filed this civil rights action concerning events that took place at California State Prison - Sacramento. (ECF No. 1.) Plaintiff also filed an in forma pauperis affidavit ("IFP") in which he stated he was unable to pay the court costs and had not received money from other sources over the last twelve months. (ECF No. 2 at 1.)

On June 21, 2024, the magistrate judge previously assigned to this case denied plaintiff's application to proceed IFP, finding plaintiff was able to pay the court costs and was not entitled to IFP status on December 10, 2023, the day on which he signed the IFP affidavit and constructively filed the complaint. (ECF No. 7 at 2.) Plaintiff's trust account statement indicated plaintiff's account contained $1,808.84 on that date. (Id.) It was further noted that plaintiff had received deposits of funds in the amounts of $1,200.00, $1,400.00, and $913.07 in the previous six months which were not disclosed on the IFP affidavit. (Id.) Plaintiff was ordered to either submit the

1

appropriate court costs to the Clerk of the Court, or, "clarify his financial condition and attempt to demonstrate financial hardship in a renewed IFP application." (Id. at 2.) Plaintiff was cautioned that "failure to either pay the court fees in full or adequately explain [why] the incoming funds were not disclosed on the prior IFP affidavit will result in a recommendation that this case be dismissed.... (Id.)

Plaintiff has responded to the court's order with a renewed application to proceed in forma pauperis. (ECF No. 8.) Plaintiff's renewed application to proceed in forma pauperis is dated July 3, 2024, and indicates plaintiff's trust account balance was $469.97 as of June 28, 2024. (Id. at 2 & 3.) Plaintiff states the deposits in the amounts of $1,400.00 and $1,200.00 were COVID-19 rebate compensation checks from the IRS. (Id. at 1.) It appears plaintiff is also indicating the other deposits identified by the court also came from the IRS. (See id.) Plaintiff further states he recently submitted $240.00 for canteen, reducing his available balance to $229.97. (Id.)

In order to commence an action, a plaintiff must either pay both the $350.00 filing fee and the $55.00 administrative fee for a civil action or be granted leave to proceed IFP.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). A district court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990). "[P]ermission to proceed in forma pauperis is itself a matter of privilege and not right[.]" Franklin v. Murphy, 745 F.2d 1221,

---

[1] When leave to file in forma pauperis is granted, a prisoner plaintiff is still be required to pay the $350.00 filing fee but is be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

1231 (9th Cir. 1984), abrogated on other grounds by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

Here, although plaintiff has submitted a renewed IFP application, plaintiff has not followed the court's instructions to "explain [why] the incoming funds were not disclosed on the prior IFP affidavit." (ECF No. 7 at 2.) The undersigned does not find bad faith and will not recommend that this case be dismissed for an untrue allegation of poverty. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015) ("To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy."). However, plaintiff has made an inadequate showing of indigency, and has failed to explain the significant omissions on his initial IFP affidavit despite being being ordered to do so. Plaintiff must pay the court costs in order to proceed with this case. Because plaintiff indicated his available balance had dropped to $229.97 after a recent canteen order in the amount of $240.00, plaintiff will be given 60 days to pay the court costs and may request an extension of time if needed. Plaintiff is cautioned that failure to pay the court costs will result in a recommendation that the application to proceed in forma pauperis be denied and this action be dismissed without prejudice.

For the reasons set forth above, IT IS HEREBY ORDERED that, within 60 days from the date of this order, plaintiff shall submit the court costs in the amount of $405 in order to proceed with this action.

DATED: October 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE