1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CEDRIC R. ALLEN,                        No.  2:23-cv-02917 TLN SCR P

12              Plaintiff,

13         v.                                ORDER

14   BLACK, et al.,

15              Defendants.

16

17        Plaintiff is a state inmate proceeding pro se in this civil rights action under 42 U.S.C. §

18   1983.  This matter is referred to the undersigned by Local Rule 302.  See 28 U.S.C. § 636(b)(1).

19   Plaintiff's complaint is before the court for screening.[1]  For screening purposes, the complaint

20   adequately states an Eighth Amendment excessive force claim against defendants Black and John

21   Doe.  However, plaintiff's complaint does not state a claim for Eighth Amendment deliberate

22   indifference to a serious medical need against defendant Anderson.

23        Plaintiff has the option of either filing an amended complaint or proceeding with his

24   cognizable claim against Black and John Doe.  The court advises plaintiff that if he chooses to

25   proceed on his cognizable claim, the court cannot order service of defendant John Doe until

26

27   ───────────────

   [1]  The previously assigned magistrate judge denied plaintiff's motion to proceed in forma

28   pauperis.  (ECF No. 7.)  On October 15, 2024, the undersigned ordered plaintiff to pay the full
     filing fee within 60 days.  (ECF No. 11.)  Plaintiff submitted full payment on November 26, 2024.

                                         1

1  plaintiff identifies John Doe by his real name and seeks leave to amend the complaint to

2  substitute John Doe's real name.

3  **I.      Screening Requirement**

4  The court is required to screen complaints brought by prisoners seeking relief against "a

5  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

6  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

7  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

8  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

9  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

10  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

11  In order to avoid dismissal for failure to state a claim a complaint must contain more than

12  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

13  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

14  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

16  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

17  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

18  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

19  considering whether a complaint states a claim, the court must accept the allegations as true,

20  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

21  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

22  **II.     Factual Allegations of the Complaint**

23  Plaintiff's complaint names correctional officer ("c/o") Black, c/o John Doe, and Sergeant

24  Anderson as defendants.  (ECF No. 1 at 1.)  The alleged violations all occurred on March 22,

25  2022, at California State Prison, Sacramento ("CSP-Sacramento").  (Id.)

26  Plaintiff alleges he "felt dizzy," fell to the ground, and lost consciousness while being

27  escorted from CSP-Sacramento's administrative segregation unit to a transportation van.  (ECF

28  No. 1 at 3, 6.)  He was in mechanical restraints and wearing a seizure helmet and a mobility

2

impaired vest at the time.  (Id.)  Defendants Black and Doe "then began to violently attack"

plaintiff.  (Id.)  Plaintiff then said, "What are you doing, I could be having a seizure."  Defendants

Black and Doe responded, "fuck your seizures" and began to "drag and shove" plaintiff into the

back of the van.  (Id.)

Upon arriving at receiving and release ("R&R"), defendants Black and Doe grabbed

plaintiff, who was "half conscious," out of the van and dragged him on the ground by the collar of

his jumpsuit.  (ECF No. 1 at 3.)  Plaintiff's seizure helmet, which was snapped on his head,

popped off.  While dragging plaintiff, defendant Doe said, "I'll beat your fuckin ass, bitch."  (Id.)

Both defendants ignored plaintiff's complaint that he couldn't breathe and continued to drag

plaintiff on the ground and "occasionally punch and beat" plaintiff with a closed fist on his head.

(Id. at 4.)

Once inside R&R, plaintiff yelled out to all staff that he couldn't breathe and had a

dislocated right shoulder.  (ECF No. 1 at 4.)  Several R&R staff stood by and did nothing.

Plaintiff was then dragged from the back collar of his jumpsuit on the ground to a small metal

holding cage with only enough room to stand.  Defendants Black and Doe laughed at plaintiff

while returning to the administrative segregation unit.  (Id.)

While still in R&R, plaintiff reported to defendant Sergeant Anderson that defendants

Black and Doe "brutally attacked and dragged" plaintiff from the van and thrown inside a holding

cell.  (ECF No. 1 at 5.)  Defendant Anderson did nothing.  (Id.)  Plaintiff notified medical staff

that he had a dislocated right shoulder and needed emergency medical treatment, but all requests

were ignored.  (Id.)  Plaintiff was then transported to Pelican Bay State Prison.  He was in "agony

and pain" during the 18-hour trip.  (Id.)  Plaintiff noted lacerations on his tongue consistent with

having had a seizure.  (Id.)  Once plaintiff arrived at Pelican Bay, he notified medical and prison

staff what happened.  (Id.)

Plaintiff alleges defendants' actions caused a dislocated right shoulder.  (ECF No. 1 at 3,

5.)  He seeks compensatory damages in the amount of $774,526.05, punitive damages in the

amount of $5,000,000, and reimbursement for the costs of the federal filing fee and copies.  (Id. at

8.)

1    **III.    Discussion**

2        a.    <u>42 U.S.C. § 1983</u>

3        A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

4    privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

5    including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

6    under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

7    (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  <u>Benavidez v.</u>

8    <u>County of San Diego</u>, 993 F.3d 1134, 1144 (9th Cir. 2021).

9        i.    *Eighth Amendment Excessive Force*

10       The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

11   punishment on inmates, which has been defined as "the unnecessary and wanton infliction of

12   pain."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused

13   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

14   core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

15   discipline, or maliciously and sadistically to cause harm."  <u>Hudson v. McMillan</u>, 503 U.S. 1, 7

16   (1992).  In contrast to the Fourth Amendment standard for excessive force, "subjective intent is

17   critical in an Eighth Amendment analysis.  More than *de minimis* force applied for no good faith

18   law enforcement purpose violates the Eighth Amendment."  <u>Rodriguez v. County of Los Angeles</u>,

19   891 F.3d 776, 797 (9th Cir. 2018) (citing <u>Whitley</u>, 475 U.S. at 320-21).  The court's inquiry into

20   an excessive force claim focuses on the extent of the prisoner's injury, the need for application of

21   force, the relationship between that need and the amount of force used, the threat reasonably

22   perceived by the responsible officials, and any efforts made to temper the severity of a forceful

23   response.  <u>Hudson</u>, 503 U.S. at 7 (1992) (quotation marks and citations omitted).  While the

24   absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.

25   <u>Hudson</u>, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates

26   contemporary standards of decency in violation of the Eighth Amendment.  <u>Whitley</u>, 475 U.S. at

27   327.

28   ////

4

1   The complaint alleges defendants c/o Black and c/o John Doe were escorting plaintiff

2   from CSP-Sacramento's administrative segregation unit to a transport van at the time of the

3   attack.  (ECF No. 1 at 3.)  This is sufficient to allege both defendants acted under color of state

4   law.  See Naffe v. Frey, 789 F.3d 1030, 1036 (9th Cir. 2015) (noting that a state employee is

5   acting under color of state law when he "wrongs someone 'while acting in his official capacity or

6   while exercising his responsibilities pursuant to state law.'"  (citing West v. Atkins, 487 U.S. 42,

7   50 (1988))).

8   Further, the complaint contains sufficient facts to establish that c/o Black and c/o Doe

9   inflicted pain and injury on plaintiff without a legitimate law enforcement need or purpose.  As

10  alleged, there was no threat or disorder when Black and Doe attacked plaintiff and dragged him to

11  the transport van; plaintiff was in mechanical restraints and having a seizure.  Defendants' alleged

12  statements regarding plaintiff's seizure and laughter establish the subjective intent necessary

13  under the Eighth Amendment.  See Rodriguez, 891 F.3d at 797.  For screening purposes, Plaintiff

14  has adequately alleged that defendants Black and Doe used excessive physical force in violation

15  of the Eighth Amendment.

16              ii.  *Eighth Amendment Medical Indifference*

17  Denial or delay of medical care for a prisoner's serious medical needs may constitute a

18  violation of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05

19  (1976).  An individual is liable for such a violation only when the individual is deliberately

20  indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

21  2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32

22  (9th Cir. 2000).

23  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at

24  1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX

25  Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a

26  "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in

27  further significant injury or the 'unnecessary and wanton infliction of pain.'"  (Id., citing Estelle, 429

28  U.S. at 104.)  "Examples of serious medical needs include '[t]he existence of an injury that a

1   reasonable doctor or patient would find important and worthy of comment or treatment; the presence

2   of a medical condition that significantly affects an individual's daily activities; or the existence of

3   chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-

4   60.

5         Second, the plaintiff must show the defendant's response to the need was deliberately

6   indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or

7   failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

8   indifference. Id. Under this standard, the prison official must not only "be aware of facts from which

9   the inference could be drawn that a substantial risk of serious harm exists," but that person "must also

10  draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach"

11  focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely

12  negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d

13  1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

14        A difference of opinion about the proper course of treatment is not deliberate indifference, nor

15  does a dispute between a prisoner and prison officials over the necessity for or extent of medical

16  treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th

17  Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, as for any § 1983 claim,

18  there must be an actual causal link between the actions of the named defendants and the alleged

19  constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May

20  v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

21        The complaint alleges that defendant Sergeant Anderson was deliberate indifferent to

22  plaintiff's serious medical needs, namely a seizure and dislocated right shoulder that required

23  emergency medical attention. (See ECF No. 1 at 4.) Plaintiff's alleged injuries satisfy the

24  "serious medical need" prong of the medical indifference test. However, plaintiff fails to plead

25  Anderson's deliberate indifference to a medical need. The complaint contains only one reference

26  to Anderson – he allegedly "did nothing" after plaintiff reported the attack by Black and Doe.

27  (ECF No. 1 at 5.) Plaintiff does not allege any facts regarding Anderson's subjective knowledge

28  of his injuries. The complaint does allege that medical staff ignored plaintiff's need for

6

1 emergency medical care but does not list any of the medical staff as defendants or otherwise

2 name them in the supporting facts.

3 **IV.    Conclusion**

4   Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

5 complaint states a cognizable Eighth Amendment excessive force claim against defendants Black

6 and Doe. Plaintiff's complaint, however, fails to state a claim for Eighth Amendment deliberate

7 indifference to a medical need by defendant Anderson.

8   Plaintiff has a choice. First, plaintiff can choose to proceed on his Eighth Amendment

9 excessive force claim against defendants Black and Doe. If plaintiff does so, he understands that

10 he will be voluntarily dismissing his claim against defendant Anderson. The court further advises

11 plaintiff that at this time it can only order the service of Black, not John Doe. Although the use of

12 a Doe defendant is acceptable to withstand dismissal at the screening stage, the court cannot order

13 the service of John Doe until plaintiff has identified him through discovery and filed a motion to

14 amend the complaint to substitute his real name. See Mosier v. California Dep't of Corr. &

15 Rehab., 2012 WL 2577524, at *3 (E.D. Cal. July 3, 2012); Robinett v. Correctional Training

16 Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010).

17   Plaintiff's second choice is to file an amended complaint to address the issues discussed

18 above with regard to his Eighth Amendment deliberate indifference to a medical need claim. If

19 plaintiff chooses to amend, he must file the amended complaint with thirty (30) days. The

20 opportunity to amend is not for the purposes of adding new and unrelated claims. George v.

21 Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be

22 complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

23 1967). The amended complaint should be titled **"First Amended Complaint"** and should

24 reference the case number, **2:23-cv-2917-TLN-SCR**. Plaintiff may use the attached **"Notice of**

25 **Election"** form to notify the court whether he will proceed on the complaint as screened or file a

26 further amended complaint.

27   In accordance with the above, IT IS HEREBY ORDERED as follows:

28   1. Plaintiff's complaint (ECF No. 1) states an Eighth Amendment excessive force claim

1  against c/o Black and c/o John Doe but no other claims.

2      2.  Within thirty (30) days of the date of this order plaintiff shall notify the court how he

3  chooses to proceed.  Plaintiff may use the form included with this order for this purpose.

4      3.  The Clerk of the Court shall send plaintiff a blank civil rights complaint form.

5      4.  Failure to respond to this order will result in the undersigned preparing findings and

6  recommendations to the assigned district judge recommending that plaintiff's non-cognizable

7  claims be dismissed.

8      5.  Plaintiff's request for settlement conference (ECF No. 12) is denied.

9  DATED: February 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7                                  UNITED STATES DISTRICT COURT
8                            FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10    CEDRIC R. ALLEN,                              No.  2:23-cv-02917 TLN SCR P
11                      Plaintiff,
12          v.                                      NOTICE OF ELECTION
13    BLACK, et al.,
14                      Defendants.
15
16    Check one:
17    _____    Plaintiff wants to proceed on the complaint as screened with an Eighth Amendment
18              excessive force claim for damages against c/o Black and c/o John Doe.  Plaintiff
19              understands that by going forward without amending the complaint he is voluntarily
20              dismissing all other claims and defendants.  Plaintiff further understands that the court
21              cannot serve John Doe until plaintiff identifies John Doe through discovery and files a
22              motion to amend the complaint to include his real name.
23
24    _____    Plaintiff wants to amend the complaint.
25
26                                                  _____
27                                                  CEDRIC R. ALLEN
                                                    Plaintiff
28

                                                1